Citation Nr: 1522698 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-16 145 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a left knee disorder.

2. Entitlement to service connection for a lumbar spine disorder.

3. Entitlement to service connection for a left hand neurological disorder.

4. Entitlement to service connection for a right hand neurological disorder.


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty from August 1978 to February 1998.

The Veteran's claims come before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which denied the benefits sought on appeal. The Veteran then perfected a timely appeal of these issues.

In April 2015, the Veteran was afforded his requested Board videoconference hearing before the undersigned Veterans Law Judge (VLJ). A copy of the hearing transcript has been associated with the claims file. 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

The issues of entitlement to service connection for a lumbar spine disorder, left hand neurological disorder, and right hand neurological disorder are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran does not have a current left knee disorder.


CONCLUSION OF LAW

Service connection for a left knee disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the veteran). 

I. VA's Duties to Notify and Assist

Under applicable law, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record: (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and, (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision on a claim by the AOJ. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The Board finds that the content requirements of a duty-to-assist notice letter have been fully satisfied. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). A letter from the RO dated in May 2009 provided the Veteran with an explanation of the type of evidence necessary to substantiate his claim, as well as an explanation of what evidence was to be provided by him and what evidence the VA would attempt to obtain on his behalf. The letter also provided the Veteran with information concerning the evaluation and effective date that could be assigned should service connection be granted, pursuant to Dingess v. Nicholson, 19 Vet. App. 473 (2006). The letter was provided prior to the initial RO adjudication of his claim. Accordingly, VA has no outstanding duty to inform the Veteran that any additional information or evidence is needed.

VA also has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Here, the Board finds that all relevant facts have been properly developed, and that all evidence necessary for equitable resolution of the issue has been obtained. His STRs have been obtained. At his Board hearing, the Veteran reported post-service treatment for his back and hands, but did not report post-service treatment for his left knee. Therefore, these records do not need to be obtained before making a decision on this claim. The claims file does not present evidence that the Veteran is currently receiving disability benefits from the Social Security Administration (SSA) for the disorder currently on appeal. Therefore, the Board does not need to make an attempt to obtain these records. The Board does not have notice of any additional relevant evidence that is available but has not been obtained. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on a claim, as defined by law. Here, a VA examination and medical opinion have not been conducted. However, the Board finds that the evidence, which reveals that the Veteran does not have a current left knee disorder, warrants the conclusion that a remand for an examination and/or opinion is not necessary to decide the claim. See 38 C.F.R. 
§ 3.159(c)(4). As service and post-service treatment records provide no basis to grant this claim, and in fact provide evidence against this claim, the Board finds no basis for a VA examination or medical opinion to be obtained.

Under McLendon v. Nicholson, 20 Vet. App. 79 (2006), in disability compensation claims, VA must provide a VA medical examination when there is: (1) competent evidence of a current disorder or persistent or recurrent symptoms of a disorder; and, (2) evidence establishing that an event, injury, or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies; and, (3) an indication that the disorder, or persistent or recurrent symptoms of a disorder, may be associated with the Veteran's active military service or with another service-connected disability; but, (4) insufficient competent medical evidence on file for the VA Secretary to make a decision on the claim. Simply stated, the standards of McLendon are not met in this case.

Furthermore, the Veteran was afforded a Board hearing in April 2015. A Board member has two duties at a hearing: (1) a duty to fully explain the issues still outstanding that are relevant and material to substantiating the claim; and, (2) a duty to suggest that a claimant submit evidence on an issue material to substantiating the claim when the record is missing any evidence on that issue or when the testimony at the hearing raises an issue for which there is no evidence in the record. See 38 C.F.R. § 3.103(c)(2) (2014); Procopio v. Shinseki, 26 Vet. App. 76 (2012) (citing Bryant v. Shinseki, 23 Vet. App. 488, 492, 496 (2010)).

Here, during the hearing, the VLJ noted the issue as shown on the title page of this decision. The Veteran was assisted at the hearing by an accredited representative from the Georgia Department of Veterans Services. The VLJ and representative asked the Veteran questions regarding the elements of the claim that were lacking to substantiate the claim for benefits. The representative and the VLJ then asked questions to ascertain whether the Veteran had submitted evidence in support of this claim. In addition, the VLJ and representative sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked or was outstanding that might substantiate the claim. Moreover, neither the Veteran nor his representative has asserted that VA failed to comply with the hearing requirements, nor identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim for benefits. As such, the Board finds that the VLJ complied with the aforementioned hearing duties, and that any error in notice provided during the Veteran's hearing constitutes harmless error.

For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain evidence necessary to substantiate the Veteran's claim. Therefore, no further assistance to the Veteran with the development of evidence is required.

II. Service Connection

The Veteran seeks service connection for a left knee disorder.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

Service connection may also be granted for any disease diagnosed after the military discharge, when all the evidence, including that pertinent to the period of military service, establishes that the disease was incurred during the active military service. 38 U.S.C.A. § 1113(b) (West 2014); 38 C.F.R. § 3.303(d). 

Service connection for certain chronic diseases, including arthritis (i.e., degenerative joint disease), will be presumed if they manifest to a compensable degree within one year following the active military service. This presumption, however, is rebuttable by probative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2014). Presumptive periods are not intended to limit service connection to diseases so diagnosed when the evidence warrants direct service connection. The presumptive provisions of the statute and VA regulations implementing them are intended as liberalizations applicable when the evidence would not warrant service connection without their aid. 38 C.F.R. § 3.303(d). 

For the showing of a chronic disease in service, there must be a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. If chronicity in service is not established, evidence of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The determination as to whether the requirements for service connection are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. 38 U.S.C.A. § 7104(a) (West 2014); Baldwin v. West, 13 Vet. App. 1 (1999); see 38 C.F.R. § 3.303(a). 

When there is an approximate balance of positive and negative evidence regarding a material issue, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); see 38 C.F.R. § 3.102. If the Board determines that the preponderance of the evidence is against the claim, it has necessarily found that the evidence is not in approximate balance, and the benefit of the doubt rule is not applicable. Ortiz, 274 F.3d at 1365. 

As noted above, the first element of service connection requires medical evidence of a current disorder. Here, the medical evidence of record does not document that the Veteran has a current diagnosis related to his left knee. 
Since filing his service connection claim in May 2009, the Veteran has not submitted or alleged any post-service recent treatment to document a left knee disorder. There are no post-service treatment records in the claims file. At his Board hearing, the Veteran denied any recent treatment for his left knee disorder. Accordingly, the Veteran does not have a current diagnosis for the purpose of establishing service connection.

Under the applicable regulation, the term "disability" means impairment in earning capacity resulting from diseases and injuries and their residual conditions. 38 C.F.R. § 4.1 (2013); see Hunt v. Derwinski, 1 Vet. App. 292, 296 (1991); Allen v. Brown, 7 Vet. App. 439 (1995). Thus, a symptom without a diagnosed or identifiable underlying malady or disorder, does not, in and of itself, constitute a "disability" for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999) (dismissed in part and vacated in part on other grounds by Sanchez-Benitez v. Principi, 239 F.3d 1356 (Fed. Cir. 2001)). The requirement that a current disorder be present is satisfied when a claimant has a disorder at the time a claim for VA disability compensation is filed or during the pendency of that claim, even if the disorder resolves prior to the adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). In this case, a clinical diagnosis of a left knee disorder has not been of record since the service connection claim was initially filed in May 2009.
 
In the absence of proof of a present disorder (and, if so, of a nexus between that disorder and the active military service), there can be no valid claim for service connection. Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). This principle has been repeatedly reaffirmed by the United States Court of Appeals for the Federal Circuit (Federal Circuit), which has stated that "a veteran seeking disability benefits must establish . . . the existence of a disability [and] a connection between the veteran's service and the disability." Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

Accordingly, service connection for a left knee disorder is not warranted because the Veteran has not satisfied the first requirement of service connection, i.e., a current diagnosis. See 38 C.F.R. § 3.303; see again Gilpin, 155 F.3d at 1353; Brammer, 3 Vet. App. at 225. 

In forming this opinion, the Board has considered the Veteran's lay statements. Although laypersons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issue in this case (diagnosing a current disorder) falls outside the realm of common knowledge of a layperson. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (laypersons not competent to diagnose cancer). As a layperson, it is not shown that he possesses the medical expertise to diagnose such a disorder. 

In reaching the above conclusion, the Board has considered the benefit of the doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine does not apply. 38 U.S.C.A. § 5107(b). The claim of entitlement to service connection for a left knee disorder is denied.


ORDER

Entitlement to service connection for a left knee disorder is denied.


REMAND

Inasmuch as the Board regrets the additional delay of this appeal, a remand is required before the remaining claims can be properly adjudicated. 

Initially, at his April 2015 Board hearing, the Veteran testified that he had received treatment at the Robins Air Force Base in Georgia since his military discharge for his back and hands. These records are not currently in the claims file, and attempts by the AOJ to obtain these records have not been made. On remand, all pertinent treatment records since February 1998 to the present should be obtained and added to the claims file. See 38 U.S.C.A. § 5103A(a)(1), (b)(1), (c)(1); Loving v. Nicholson, 19 Vet. App. 96, 101-03 (2005).
Additionally, in the case of a disability compensation claim, VA's duty to assist includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A(d); 38 C.F.R. 
§ 3.159(c)(4). Such an examination or opinion is necessary to make a decision on a claim if all of the lay and medical evidence of record: (1) contains competent evidence that the claimant has a current disorder, or persistent or recurrent symptoms of a disorder; and, (2) indicates that the disorder or symptoms may be associated with the claimant's active military, naval, or air service; but, (3) does not contain sufficient medical evidence for VA to make a decision on the claim. Id.; see McLendon, 20 Vet. App. at 83. The threshold for finding a link between the current disorder and the active military service is low for the purposes of obtaining a medical opinion. Locklear v. Nicholson, 20 Vet. App. 410 (2006); McLendon, 20 Vet. App. at 83.

At his Board hearing, the Veteran testified to experiencing pain in his lower back and tremors in his hands. The Veteran testified that he also experienced these symptoms during his active military service. The Veteran is competent to describe his in-service and current symptoms. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). The Veteran's statements are corroborated by his STRs, which document two instances of low back pain in May 1987 and September 1992. To date, the Veteran has not been afforded VA examinations to determine the nature and etiology of his claimed lumbar spine disorder and neurological disorder of his hands. As the record establishes competent lay and medical evidence of current diagnoses and in-service incurrences, VA examinations are required to determine the etiology of the claimed lumbar spine disorder and neurological disorder of his hands. See 38 C.F.R. § 3.159(c)(4); see also McLendon, supra.

The Veteran is hereby notified that it is his responsibility to report for the examinations scheduled and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2014).


Accordingly, the case is REMANDED for the following actions:

1. Obtain all pertinent treatment records since the Veteran's military discharge in February 1998 from the Robins Air Force Base in Georgia. 

If no additional medical records are located, a written statement to that effect should be requested for incorporation into the record.

2. After obtaining the above records, schedule the Veteran for a VA spine examination to ascertain the nature and etiology of his claimed lumbar spine disorder. Properly notify the Veteran of the examination by sending notice of the details of the examination to the Veteran at his correct address. Send the notice with sufficient time in advance to allow the Veteran to attend the examination.

All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. 

The examiner is asked to address whether the Veteran has a current lumbar spine disorder that is least as likely as not related to his active military service. The examiner is asked to consider the two in-service complaints of low back pain in May 1987 and September 1992.

In forming his or her opinion, the VA examiner is asked to consider the lay statements from the Veteran regarding the progression of the disorder. 

Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided. 

3. After obtaining the above records, schedule the Veteran for a VA neurological examination to ascertain the nature and etiology of his claimed neurological disorder of the hands. Properly notify the Veteran of the examination by sending notice of the details of the examination to the Veteran at his correct address. Send the notice with sufficient time in advance to allow the Veteran to attend the examination.

All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. 

The examiner is asked to address whether the Veteran has a current neurological disorder of the hands that is least as likely as not related to his active military service. 

In forming his or her opinion, the VA examiner is asked to consider the lay statements from the Veteran regarding the progression of the disorder. 

Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided. 
4. After the above actions have been completed, readjudicate the Veteran's claims. If the claims remain denied, issue to the Veteran and his representative a Supplemental SOC (SSOC). Afford them the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
WAYNE M. BRAEUER 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs